I represent Darrell Duane Smith. This is a criminal appeal out of the Northern District of Iowa. Mr. Smith is 63. He's serving a 14 1⁄2 year sentence for wire fraud and aggravated identity theft. He appeals a specific sentencing issue in this case. I guess you could say that appellate argument makes strange bedfellows. The case preceding me was arguing that relevant conduct should be construed less inclusively. My position is that Judge Reed erred in failing to use relevant conduct more inclusively to include a prior tax conviction that Mr. Smith was serving at the time of his sentence on the federal fraud and aggravated identity theft case. This is the first time I've seen that argument made by a defendant. Not to say that it hadn't happened or doesn't happen, but this is the first time I've seen a defendant seek an expansion of consideration of relevant conduct. Well, if you look at Kilgo, the case I cited from 2005 in the Eighth Circuit, they said that common scheme or plan should be Each of the government's cases that they cite in their brief, Pepper, Schmidt, Burrow, Tidwell, Keyes, every one of those involves a case where the defendant had a prior conviction in another jurisdiction and a different sovereign. And in each one of those cases that the government cites, the court ruled that these prior convictions are not relevant conduct, rather they apply to criminal history. In this particular case, we have a prosecution brought against Mr. Smith arising out of his participation in this permeate company, this biofuel company. They embezzled, withheld the withholding tax for about $500,000. He pled guilty to that, got 13 months. This prosecution was initiated, and it involves permeate, too. The government's exhibits its sentencing, the two plea agreements. They have some cross-pollinization here, permeate, biofuel, Ener-J, Randy Less. Similar things are going on. So it's not exactly like these are clearly different sovereign, arguably different criminal conduct. We contend that the similarities here are hardly superficial. Judge Breed's perspective, they are superficial because they involve different victims. Well, that's true, but the objective is primarily the same. Tax avoidance is the same as fraud to enrich yourself? If the ultimate object is to keep this permeate thing going on, Your Honor. Okay. This biofuel company going on. If we look at kind of what the factors Judge Breed talked about, she talked about that there's a different scheme. This is a tax avoidance scheme as opposed to defrauding others of an investment. That there's different victims, the employees, and the United States as a victim in fact, as opposed to just sort of the general guardian of the whole United States. And that he engaged an accomplice in this who was unaware of the other fraud. And so that the accomplice is different. And therefore, that's an indication that this is just a totally different crime. That there's a panoply of crimes being committed as opposed to a common scheme. Now, you say that's wrong. Exactly why? I say it's clear, Error, because Judge Breed lost focus on what's the essential gravamen of both these offenses is. And that's a breach of fiduciary duty. Mr. Smith stole money from his investment clients primarily to invest in this permeate business. He was a fiduciary. And as a investor in permeate of this Energe LLC, which held 51%, and he was a responsible person for the tax monies, he had a fiduciary duty to make sure those monies got turned over to the federal government. And in both of these cases, he breached that fiduciary duty. He misappropriated and stole money. But the scheme wasn't the same. The scheme's not the same. No, but the bright shiny object is, and that is to keep this struggling biofuel company in north central Iowa, this permeate business, which he's trying to fund and all that, to keep it going. So he keeps the tax monies to pay the bills. He steals from his clients, his investment clients, and puts their money into this risky investment with and without their permission. So you're saying any other additional criminal activity he may have committed for that same purpose would also be only considered as relevant conduct? For instance, if he stole money from, knocked over a convenience store, took $10,000 or $5,000 or $500 out of whatever he could get and poured that into to keep his company going, would that be relevant conduct? Well, stealing from the convenience store wouldn't have, he didn't have a fiduciary duty to Casey's or Quick Trip. But what if he defrauded grain companies that were bringing grain in to permeate under some false representation that they were going to get paid or some upfront payment deal and that didn't happen? I think it's arguable that the court could have applied some kind of additional fraud of his behavior as a permanent controller or responsible person. I think that the central argument is that, obviously, are factual determines reviewed for clear error? Yes. Did the court commit clear error in this case? Mr. Smith asserts that the district court did. Does it make much of a difference in the guideline range? Not really. If the court would have applied this $500,000 tax loss to the total offense level, the total offense level remained the same, but the criminal history category is less. It bumps it down to $135,000 to $168,000 instead of $151,000 to $188,000 on the tax fraud, or excuse me, on the wire fraud. But nonetheless, I think the principle remains that when the object is in breach of fiduciary duty, I think clearly that relevant conduct should be construed more broadly, particularly where there's a prior conviction that involves a breach of fiduciary duty. For those reasons, Your Honor, I'd like to preserve a little bit of time for rebuttal, but we would yield at this point in time, absent any questions. I see no questions. Thank you, Mr. Brown. Thank you very much, Your Honors. Mr. Varasek. And may it please the Court, Mr. Brown, Tim Vavracek from Cedar Rapids, Iowa, U.S. Attorney's Office for the Northern District of Iowa. I would like to pick up on the last point. The district court didn't clearly err, but in any event, any error would be harmless. And to counsel's last point, it really didn't matter, and it didn't matter, this ruling on criminal history didn't matter not only because of the overlap in the guideline range, but because the district judge in this case made a specific finding that it didn't matter. The district court, when I asked the district judge this question in light of the fact the guideline ranges overlap so substantially, that would her ruling be the same? And the district court said her ruling would be the same. And this isn't one of those cases where perhaps an appellate court might have concern about a harmless error analysis. The district judge in this case made that finding very specific, tied to a very specific guideline issue. There were many guideline issues at one point in this case. The sentencing record is quite large. Yeah, and it's clear that in pages 231 and 232 of the transcript, the judge just flat out says that for the reasons I've already enunciated, and I'm not going to go through them point by point, but for those reasons, my sentence would be exactly the same if the Eighth Circuit Court of Appeals should decide that I've decided this wrong, but I sure don't believe I have it wrong. And we get a lot of those kind of statements, but this one's more plain than most. And I suspect it was in response to the fact that she made this statement in response to your inquiry, whether or not she wanted to make any comment on it, and she wanted to be more plain, because given her usual sentencing practices, that her failure to mention it was somewhat unusual, and she wanted to make sure that somehow you hadn't buffaloed her into it and we would have accepted it at face value, I suspect. I agree, Judge. And you know, in this case, as Mr. Brown mentioned, the judge gave a sentence to the defendant at the low end of the properly calculated range, and so it ends up being the middle of the other range, and so it makes sense, frankly, that under the 3553A factors, if the payroll tax were relevant conduct, as Mr. Brown mentioned, it wouldn't have affected the guideline range loss. I mean, it would have increased it to about $3 million, but it wouldn't have gotten to the next range, which is like at $4.5 million for another two levels. So that said, we would ask the court to affirm on that basis. With respect to the underlying issue that Mr. Brown discussed, I would just focus briefly on the five stone factors. I called them the stone factors for lack of a better term. And of those factors, it would appear that only the temporal and geographic proximity factor would weigh in the defendant's favor, and I think that captures the defendant's argument about the shiny object, so to speak, being a permeate. As the court has alluded to, the schemes were different. Judge Reed found they were entirely different, and they were. This defendant had a number of things going on. This case is about his victimization of 10 people that he was their stockbroker for, and he, by forging their signatures, put their money against their will into this ethanol plant that was failing. And the prior case for which he was convicted, his partner in the permeate, the two of them had not paid the payroll taxes for that entity. They weren't charged in the different cases, and I am not aware of any case that says that the fact that the prior case was prosecuted by the same sovereign affects the analysis. That's not one of the stone factors. Conceding that it is unusual for one individual to be prosecuted twice by the federal government, but it is not unheard of, and it does happen, even in this case in more of a white-collar case. In some, this court has repeatedly affirmed similar district court rulings despite temporal and geographic proximity. Going through these cases again, I would stress the Torres-Diaz decision, which I think goes to your point, Chief Judge Smith. In that case, this court said that a defendant is not permitted to merge all criminal activities simply because these activities occur over a single span of time or out of a common base of operations. In this case, as the defendant stresses the shiny object being permeate. I would note that as counsel has stated, we do believe the standard on this is clear error because it is a factual determination that the district court made familiar with these two schemes and weighing them and determining that they're separate. Unless the court has any additional questions for me, I would yield the balance of my time and ask that the court affirm the defendant's sentence. I see no questions. Thank you. Thank you, Mr. Vavracek. Mr. Brown, your rebuttal. Thank you, Your Honor. Well, at page 230 of the sentencing transcript, Honorable Judge Reed says what she says about how she's determined the sentence. I interpret what Judge Reed said on page 230 as she's issued a guideline sentence that is a section 3553A sentence. So I believe that necessarily means that she believes that the guidelines were the sufficient but not greater than necessary sentence and that the question of relevant conduct largely was irrelevant. But at any rate, the government did kind of suggest it to her and she said what she said and the record stands what it stands. But I would like to point out that the same sovereign issue has been important to the Eighth Circuit on a number of occasions. In Pepper, which the government cites, Tidwell, which the government cites, Schmidt, which the government cites, and Keyes, which the government cites, all of them talk about how that can be an important factor. And in this particular case, it is the identical sovereign that's prosecuted Mr. Schmidt for both affairs. There is temporal and geographic identity. That's not in dispute. One could argue that there are similar motivations and clearly Mr. Schmidt is a key party in both transactions. So we suggest that the court's determination in this matter was clear that the defendant should have been found to have been a Category 33, Cat 1 for a guideline range with this relevant conduct inclusion of a lesser range of 135 to 168 months. It's been my pleasure. Thank you very much. Thank you, Mr. Brown. The court notes that your representation today is under appointment under the Criminal Justice Act and the court wishes to thank you for your willingness to provide representation. Thank you also, Mr. Zavicek, for your presence and argument before the court. We will take the case under advisement and render decision.